IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM LAMAR BURRELL,

Petitioner,

v.

JAMIE MILLER,

Respondent.

Case No. 6:24-cv-01324-AN

OPINION AND ORDER

William Lamar Burrell
430383
Cheshire Correctional Institution
900 Highland Ave
Cheshire, CT 06410

Petitioner, *Pro Se*

Dan Rayfield, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

NELSON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Marion County convictions dated March 2, 2015. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#31) is denied.

## BACKGROUND

On February 11, 2014, the Marion County Grand Jury issued an indictment accusing Petitioner of Burglary in the First Degree with a Firearm, Assault in the Second Degree with a Firearm Constituting Domestic Violence, Felon in Possession of a Firearm, two counts of Coercion with a Firearm, Unlawful Use of a Weapon, two counts of Unlawful Use of a Weapon with a Firearm, three counts of Assault in the Fourth Degree, and Possession of Methamphetamine. Respondent's Exhibit 102. The charges arose from an incident in Randy Scansen's apartment where Petitioner threatened Scansen and Jaimee Nieves with a firearm and a boxcutter, assaulted them, and threatened to kill them.

A resident of a neighboring apartment became aware of the situation, called 9-1-1, and reported that Scansen and Nieves were being held hostage by a man with a gun. Officers Anderson and Worledge responded to the call. When they arrived outside of Scansen's apartment, the kitchen window was open and Petitioner and Nieves were visible. Officer Anderson asked them to come to the door of the apartment, and Petitioner responded that he would not speak to law enforcement without his attorney present. Trial Transcript, p. 683. Shortly thereafter, Officer Anderson asked Petitioner to exit the kitchen and speak with her. He replied, "I'm not talking to the police without my attorney." *Id.* at 685. He made a similar statement to Officer Worledge. *Id.* at 963-65. At that time, no law enforcement officer had

placed Petitioner under arrest, *Mirandized* him, or subjected him to any kind of custodial interrogation.

Prior to trial, Petitioner moved to suppress certain statements he had made to law enforcement officers. Among the statements he sought to suppress were the statements he made to Anderson and Worledge regarding his unwillingness to speak to law enforcement without an attorney present. With limited exceptions not pertinent to this case, the trial judge denied the pretrial suppression motion. *Id.* at 272-74.

At trial, both Anderson and Worledge testified to Petitioner's statements that he would not speak with them without his attorney present. Counsel objected during Worledge's testimony on the basis that it constituted "a comment on Mr. Burrell's right to remain silent," but the trial judge overruled the objection. *Id.* at 963-64. A jury ultimately convicted Petitioner of all 12 charges and found him to be a dangerous offender under Oregon law. As a result, the trial judge imposed concurrent and consecutive sentences totaling 45 years in prison.

Petitioner took a direct appeal where, relevant to this habeas case, he argued that the trial court erred when it admitted evidence of his reluctance to speak with Anderson and Worledge without counsel present. Respondent's Exhibit 103. The Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Burrell*, 283 Or. App. 917 391 P.3d 142, *rev. denied*, 61 Or. 671, 399 P.3d 1006 (2017).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County. Among his claims, he asserted that his trial attorneys had been ineffective by failing to exclude evidence of his statements that he would not speak with law enforcement officers without an attorney present. Respondent's Exhibit 117. The PCR court denied relief on all of Petitioner's claims.

Respondent's Exhibit 157. The Oregon Court of Appeals issued a nonprecedential written decision wherein it affirmed the PCR court's denial of that claim.[1] *Burrell v. Miller,* 329 Or. App. 410, 2023 WL 8448545. The Oregon Supreme Court once again denied review. 372 Or. 290, 550 P.3d 397 (2024).

With the assistance of appointed counsel, on May 4, 2026, Petitioner filed his Amended Petition for Writ of Habeas Corpus (#31) in which he raises two grounds for relief:

> **Ground One**: When initially confronted by the police, Petitioner said he would not speak to them without his attorney. Over objection, the State introduced this statement several times at Petitioner's trial during its case in chief and referred to it in the state's closing rebuttal argument. In so doing, the State violated Petitioner's Fifth Amendment right against self-incrimination.
>
> **Ground Two**: On three separate occasions, the State introduced evidence at trial that Petitioner told the police he would not speak to them without his attorney. Trial counsel objected once to the evidence but failed to object the other two times. He also failed to object and move for a mistrial when the prosecutor referred to the evidence in his closing rebuttal argument. Trial counsel's failure to object, and his failure to move for a mistrial, constituted ineffective assistance of counsel under the Sixth and Fourteenth Amendments.

Amended Petition (#31), pp. 3-4.

Respondent agrees that Petitioner fairly presented both of these claims to Oregon's state courts, thereby preserving them for merits review in this federal habeas proceeding. However, Respondent maintains that the state court decisions denying relief on these claims were not objectively unreasonable.

---

[1] The Oregon Court of Appeals affirmed the PCR court's decision in all respects except for one. After Petitioner's initial-level PCR action, the Oregon Supreme Court concluded that the prohibition against nonunanimous convictions applies retroactively to cases on collateral review. *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022). Applying that new precedent, the Oregon Court of Appeals vacated Petitioner's sole nonunanimous Unlawful Use of a Weapon conviction (Count 7).

# DISCUSSION

## I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to

determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such instance, although the federal court independently reviews the record, it still lends deference to the state court's ultimate decision and will only grant habeas relief if the state court's decision was objectively unreasonable. *Richter,* 562 U.S. at 98; *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

## II. Analysis

### A. Ground One: Trial Court Error

It is uncontroverted that when Petitioner expressed his refusal to speak with Officers Anderson and Worledge without an attorney present, he was not under arrest, had not been *Mirandized,* and was not in any kind of custodial situation. Petitioner nevertheless contends that his statements to Officers Anderson and Worledge amounted to an invocation of his Fifth Amendment right against self-incrimination, thus the trial court's decision to admit evidence of his statements infringed upon that right.

As Petitioner candidly acknowledges, there is no clearly established federal law to support his claim. *See* Supporting Memorandum (#32), p. 17. To the contrary, the Supreme Court has specifically concluded that one cannot invoke *Miranda* rights in an anticipatory fashion in a non-custodial setting. *Bobby v. Dixon,* 565 U.S. 23, 27–28 (2011) (citing *McNeil v. Wisconsin,* 501 U.S. 171, 182, n. 3 (1991)). Accordingly, upon an independent review of the record, the Oregon Court of Appeals' decision denying relief on Petitioner's Ground One claim was reasonable.

### B. Ground Two: Ineffective Assistance of Counsel

Petitioner next alleges that it was incumbent upon his two trial attorneys to object when the prosecutor: (1) elicited evidence on three occasions that Petitioner had indicated an

unwillingness to speak with the police without a lawyer; and (2) made reference to those same statements during closing argument. The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his attorneys' performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance[.]" *Id.* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland,* 466 U.S. at 693). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

The PCR court resolved the issue as follows:

> Trial counsel did file a motion to suppress both pre custody and post custody statements by Petitioner. Some statements were suppressed. The statements in question were not. Petitioner's statements that he would not talk to the police were prior to his arrest or custody-like situation and prior [to any] Miranda warning being required. Counsel also objected when Officer Worledge testified about petitioner stating that he does not talk to the police. Judge Geyer overruled the objection. Petitioner did not have a spontaneously arising constitutional right to remain silent (while in

> Mr. Scansen's apartment and pre-arrest, and with no compelling circumstances) and he could not proclaim his refusal to cooperate without risk having this refusal be used against him in court. Because the trial judge had denied the motion to suppress Petitioner's statements that he would not talk to police and overruled the objection to that testimony, there was no reason to object to the prosecutor commenting on the statement. Petitioner has not proven that trial counsel's action regarding these statements were unreasonable.
>
> In addition, Petitioner did not prove prejudice. Petitioner failed to prove that additional motions or arguments by counsel could have had any tendency to change the judge's rulings on this issue.

Respondent's Exhibit 157, p. 5.

The Oregon Court of Appeals, the last court to supply a reasoned decision on Petitioner's Ground Two claim, resolved the issue this way:

> . . . the record shows that counsel did move to suppress all of petitioner's statements prior to trial. The trial court granted counsel's motion on some of petitioner's statements but not on all. The record also shows that counsel objected to witness testimony as to petitioner's statements. The trial court overruled that objection and allowed the testimony. The post-conviction court determined that, after the trial court denied counsel's motion and overruled counsel's objection, the trial court's position was clear on the matter and counsel had no reason to raise the issue any further. The record supports that determination by the post-conviction court, and we therefore affirm the post-conviction court's denial [of Petitioner's claims.]

Respondent's Exhibit 161, p. 6.

As Oregon's state courts recognized, counsel filed a pretrial suppression motion that addressed the statements at issue, but the trial judge denied the motion. Trial Transcript, pp. 272-74. Counsel objected on Fifth Amendment grounds during the prosecutor's direct examination of Worledge, but the trial court again refused to exclude the evidence. Given this record, any additional objections would have been futile, thus counsel's performance did not fall below an objective standard of reasonableness when they repeat the same objection. Even assuming

Petitioner's attorneys were under a continuing duty to lodge repetitive objections, because it is evident that the judge would have overruled those objections, there can be no prejudice from any such failure. For all of these reasons, the Oregon Court of Appeals' decision to deny relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#31) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

October 27, 2026
DATE

Adrienne Nelson
United States District Judge